**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raymond STEELS and Mary Steels,
Defendants–Appellants.**

Nos. 93–3909, 94–1141.

United States Court of Appeals,
Seventh Circuit.

Argued May 17, 1994.

Decided Oct. 21, 1994.

Barry Rand Elden, Asst. U.S. Atty., Debra Bonamici (argued), Jacqueline Oreglia, Office of U.S. Atty. Crim. Receiving, Appellate Div. and Criminal Div., Chicago, IL, for U.S.

Carol A. Brook, Camille B. Conway (argued), Office of Federal Defender Program, Chicago, IL, for Raymond Steels.

Anita Rivkin–Carothers, Chicago, IL (argued), for Mary Steels.

Before POSNER, Chief Judge, HILL,* and RIPPLE, Circuit Judges.

HILL, Circuit Judge.

Mary and Raymond Steels were convicted of conspiracy to and attempt to possess, with intent to distribute, cocaine, in violation of Title 21, United States Code, Sections 841 and 846.

Prior to sentencing, each defendant filed objections to the applicable Pre–Sentence Investigation Report. The trial court sustained, in part, Mary Steels' objections to the Report by reducing her offense level by two points for acceptance of responsibility, and by determining her sentencing guideline range based on the attempted possession of eight rather than ten kilograms of cocaine.

Raymond Steels challenges the sufficiency of the evidence to support his conviction. Mary Steels challenges the refusal of the trial court to make a downward departure in her sentence.

---

* The Honorable James C. Hill, Circuit Judge for the United States Court of Appeals for the Elev-

### Raymond Steels' Conviction

In order to establish Raymond Steels' guilt on the conspiracy charge, the government must provide substantial evidence that the conspiracy existed, and that he knowingly agreed to join in its criminal design and purpose. *United States v. Pazos,* 993 F.2d 136, 139 (7th Cir.1993). There was ample evidence of these essential elements. Mr. Steels' conversations with the undercover drug agent demonstrated that he knew about the impending cocaine buy and that he was actively involved in the conspiracy. He advised the agent regarding the status of the efforts to assemble the purchase money, and agreed to relate to his wife that they would be allowed two kilograms of cocaine on credit. He reassured the undercover agent of their good faith and their ability to raise the money necessary to pay for the other eight kilograms of cocaine.

Raymond Steels played an active role in the actual exchange of the cocaine in the parking lot. There was evidence from which it could be determined that he drove to the meeting, talked with the agents, went home and retrieved the money, put it in the trunk of his car, drove back to make the exchange, showed the agent the money, explained how it was banded, received instructions about the hidden compartments in which the cocaine was located, and finally asked to see the "stuff" before giving the agents the money.

We conclude on the basis of this record that there was ample evidence upon which the jury could base a finding of guilt beyond a reasonable doubt. The judgment from which Raymond Steels appeals will be affirmed.

### Appellant Mary Steels

Appellant Mary Steels urges this Court to review her sentence arguing that the trial judge's failure to depart downward from the sentencing guidelines was the result of the judge's belief that she had no authority to do so. Such a decision is reviewable on appeal in this Circuit, *United States v. Poff,*

---

enth Circuit, is sitting by designation.

926 F.2d 588 (7th Cir.1991), *cert. denied,* 112 S.Ct. 96 (1991), whereas a refusal by a judge to exercise her discretion to depart downward is not. *United States v. Gaines,* 7 F.3d 101, 105 (7th Cir.1993).

The statute under which Mary Steels was convicted provides for a ten-year mandatory minimum sentence where the offense involves more than five kilograms of cocaine. There was ample evidence that Mary Steels agreed to purchase ten kilograms of cocaine. At the sentencing hearing, the district court concluded that because the undercover drug agent agreed to allow Mary Steels to have two of the contemplated ten kilos on credit, Mary's offense level should be determined on the basis of an attempt to possess eight rather than ten kilograms of cocaine. As noted above, she was so sentenced. This reduction in offense level did not affect Mary's ultimate sentence, however, as it still left the quantity of cocaine above the five kilos required to trigger the mandatory minimum of ten years.

Mary's motion for a downward departure from the sentencing guidelines rested on her argument that she initially intended to buy only two kilos of cocaine and that thereafter she was coerced by the agent into buying ten for the sole purpose of boosting her sentence. Sentencing Guideline 5K2.12 provides in part that "if the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guideline range."

This motion was denied. At the sentencing hearing, the district judge specifically found that Mary was not subject to serious coercion or duress when she agreed to buy the ten kilos, and that a downward departure under Guideline Section 5K2.12 was not warranted.

Nothing appears in the sentencing transcript to indicate the district judge was unaware of her authority under the guidelines to decrease Mary's sentence should she have found serious coercion or duress. On the contrary, the judge indicated she had read and considered the brief submitted by Mary's counsel advising the judge of her authority under Section 5K2.12 to depart downward from the guidelines, as well as the government's response.

The district judge's refusal to grant a downward departure was the result of her judgment that none was warranted in this case. The judge carefully distinguished this case from the facts of other cases offered by appellant in support of her motion.

We have recently reaffirmed that a determination by the sentencing judge that the facts of a case do not support a downward departure is not reviewable on appeal. *United States v. Brown,* 14 F.3d 337, 340 (7th Cir.1994). Accordingly, we do not reach the merits of this appeal and we dismiss the appeal for lack of jurisdiction.

The conviction and sentence of Raymond Steels is AFFIRMED.

The appeal of Mary Steels is DISMISSED.

RIPPLE, Circuit Judge, concurring.

I join the judgment of the court and that part of the opinion that affirms the conviction of Raymond Steels. I also agree that we have no jurisdiction over Mary Steels' challenge to her sentence because the transcript demonstrates that the district court was fully cognizant of its authority to give a downward departure and declined to do so. I write separately to note that an examination of the transcript in this case makes evident that the district court engaged in a searching inquiry into the circumstances surrounding the sale of cocaine before concluding that Ms. Steels ought to be held responsible for eight kilograms. That finding is certainly not clearly erroneous. I therefore would not suggest that the defendant should have been found to have engaged in the purchase of ten kilograms.

The care taken by the district court in analyzing the transaction in this case is commendable. In an era of crowded dockets and criminal cases raising repetitive issues concerning quantity of drugs, it is all too easy for the trial court to become overly dependent on the advice and representations of others in the sentencing process. The Sentencing Guidelines have circumscribed the

authority of the United States District Judge to a great degree. Our descendants, when they write the history of this era, will render the definitive judgment on whether this limitation was a wise decision. Meanwhile, however, we ought to remind ourselves on occasion that the district court still does run the courtroom during sentencing and has every right to make demanding and searching inquiries about the sentencing recommendations that are made. Judges of the Third Article have limited authority, but, within these limits, they have the obligation to use it.

Another matter deserves comment. The sentencing transcript in this case discloses that the undercover agent attempted to increase the amount of the sale because he believed that a federal prosecution would only follow if a certain amount of cocaine were involved in the transaction and because *he* had determined that a federal prosecution was appropriate. Sentencing Tr. at 8. This approach to law enforcement is indeed disturbing. The brave men and women who risk their lives as undercover officers add nothing to their stature when they assume for themselves the responsibilities of others in government. The decision as to the kind of prosecution that ought to be brought against an individual is a matter reserved for the United States Attorney. It is a decision that is quasi-judicial in nature and ought not be usurped by a law enforcement officer. The decision ought to be based on the defendant's culpability, not considerations of "turf" or "box scores" among law enforcement agencies.