48 F.3d 1222
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Scott A. HANEY, Defendant-Appellant.
 No. 94-1632.
 United States Court of Appeals, Seventh Circuit.
 Argued March 1, 1995.
Decided March 7, 1995.
 
 Before CUMMINGS, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Scott A. Haney pleaded guilty to knowingly and unlawfully transferring a machine gun and was sentenced to 18 months in prison. On appeal, he challenges the district court's refusal to make a downward departure when imposing his sentence. The question presented is whether this court has jurisdiction to review the district judge's refusal to grant a discretionary downward departure. Because the district judge recognized that he had authority to depart from the Guidelines but declined to do so based on the facts of the case, we dismiss this appeal for lack of jurisdiction.
 
 BACKGROUND
 
 2
 Defendant Scott Haney gave the following testimony at his sentencing hearing. He was the manager of a hobby store in Bloomington, Illinois, and had worked at that store in various capacities since 1978. In early 1992, he was approached by a friend, Sgt. William Mackenzie, for a loan. Mackenzie was in the military and insisted that Haney accept an automatic weapon as security for the loan, which amounted to $550. When Mackenzie did not come back for the weapon or repay the loan after many months, Haney made arrangements to sell the weapon. Haney contacted another friend, Jim Gravitt, who was a gun dealer. Gravitt then introduced Haney to a potential purchaser, who turned out to be undercover agent Gary Smith of the Treasury Department's Bureau of Alcohol, Tobacco, and Firearms.
 
 
 3
 According to the presentence investigation report, Agent Smith visited the hobby store and met with Haney on July 7, 1992. Haney led Smith to the basement, where Haney retrieved a machine gun from a storage area. Haney informed Smith that he had no ammunition for the gun. After Smith paid him $700 for the gun, Haney told Smith that a friend of his, who was on active duty with the U.S. Marine Corps, had smuggled the firearm out of Iraq after Operation Desert Storm. Haney told Smith that he could locate other machine guns. Haney also mentioned to Smith that he did not want to know where Smith would be taking the recently purchased gun. Smith asked Haney to contact him if Haney obtained any more machine guns.
 
 
 4
 On June 23, 1993, Haney was indicted for the transfer of a machine gun in violation of 18 U.S.C. Sec. 922(o).[1] On September 16, 1993, he entered a plea of guilty to the one-count indictment.
 
 
 5
 At his sentencing hearing, Haney sought a downward departure. He contended that his conduct in this case represented a single act of aberrant behavior that would not be expected to occur again. The Assistant United States Attorney stated that he would not object to a downward departure, but added that he did not believe that a legal basis for departure existed.
 
 
 6
 District Judge Michael M. Mihm refused to depart downward from the Guidelines and sentenced Haney to 18 months in prison followed by two years of supervised release. Judge Mihm explained that he did not consider Haney's conduct to be the type of aberrant behavior which the Seventh Circuit would recognize as justification for a downward departure. Haney moved to have his sentence reconsidered but Judge Mihm denied the motion, finding "no circumstances in this case which would justify a downward departure."
 
 
 7
 Haney appealed.
 
 DISCUSSION
 
 8
 On appeal, Haney argues that the district court erroneously believed that it lacked authority to impose a sentence below the range set by the Guidelines. Haney notes that the judge stated at sentencing that "I will say in the absence of the guidelines, that I would not be sentencing you to 18 months." Haney contends that the judge should have considered factors other than the single act of aberrant behavior--such as his excellent employment record or the relatively small magnitude of his criminal offense--as justification for downward departure.
 
 
 9
 Generally, this court lacks jurisdiction to review a district court's discretionary refusal to depart from the sentencing range determined by the Guidelines.[2] United States v. Blackwell, Nos. 94-1404 & 94-2118, slip op. at 18 (7th Cir. Mar. 1, 1995). However, if a decision not to depart is based on a mistaken belief that the judge lacked the authority to depart, it is reviewable on appeal. United States v. Steels, 38 F.3d 350, 351 (7th Cir.1994). Neither Haney nor the government disputes these principles. Instead, the parties disagree as to whether Judge Mihm exercised his discretion in denying the downward departure or whether he mistakenly believed that the Guidelines did not grant him the authority to depart for aberrant behavior on the part of Haney.
 
 In sentencing Haney, Judge Mihm stated:
 
 10
 I will say in the absence of the guidelines, that I would not be sentencing you to 18 months. But as a matter of conscience, I can not depart downward from these guidelines unless I believe that there is a valid basis for doing so. The only valid basis that's possible for you would be if the Court were to find that this is the type of aberrant behavior that would be recognized by the Seventh Circuit, which is the circuit that I sit in, not in the Second Circuit or the First Circuit.
 
 
 11
 Actually, I don't believe there ever has been a case in the Seventh Circuit where they have approved a downward departure for aberrant behavior. They have discussed it in one or two cases where it's come up and they have made it very clear that, among other things, what has to be involved in an impulsive act. At least that's my understanding.
 
 
 12
 What happened here was not an impulsive act. You had this automatic weapon in your possession for literally months before you contacted the person to try to arrange someone to buy the weapon. After that, you certainly had time to reflect on what was going to happen. You had time to reflect on it when the person came to the store and you conducted the negotiations. So that's part of this finding, that what you did here was not impulsive.
 
 
 13
 But I'll tell you what really bothers me here, and it effectively precludes me from entering a downward departure, is your conversation with the undercover agent where you indicated the possibility, or your willingness at least, possibility there were other weapons that could be purchased because what that tells me is that this clearly was not an isolated incident in your own mind in the sense that you not only sold this gun, but you were willing to sell others and that makes a different animal out of this.
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 But the bottom line here is that I can not justify a downward departure because I do not believe that it meets the extremely narrow band of conduct that is acceptable in the Seventh Circuit. There are some other circuits in the country where there is more flexibility, but it's not true in this circuit. I have a duty as a matter of conscience to follow the law as I understand it.
 
 
 17
 (Tr. of Sentencing Hearing of 3/11/94, at 40-43.)
 
 
 18
 Judge Mihm's statement does not show that he believed he lacked authority to depart from the Guidelines. To the contrary, he acknowledged that aberrant behavior could be a "valid basis" for a departure. He noted that this circuit has not yet upheld a downward departure for aberrant behavior, but added that in order for behavior to be aberrant, it must be impulsive. As Judge Mihm observed, however, Haney's actions in seeking a buyer for the weapon, negotiating a sale, and then expressing a willingness to explore future sales were not impulsive.
 
 
 19
 Judge Mihm's comments mirror the comments he made when he was the sentencing judge in a case this court eventually affirmed on appeal, United States v. Gulley, 992 F.2d 108, 111 (7th Cir.1993). During Gulley's sentencing, Judge Mihm stated:
 
 
 20
 I have given considerable thought to this and I have done quite a bit of independent research on my own regarding this matter. I have looked for a reason, a lawful reason, for me to depart downward from the guidelines, and I cannot find one. I would ... be very happy to depart downward to a level 10 in this case, but none of the reasons offered by defense counsel have merit.
 
 
 21
 * * *
 
 
 22
 * * *
 
 
 23
 Aberrant behavior, while I don't have any problem with applying that term to the facts of this case, I do not believe that that is a justification that would be accepted by the Seventh Circuit.
 
 
 24
 * * *
 
 
 25
 * * *
 
 
 26
 But since I cannot justify as a matter of conscience a sentence that departs from the guidelines, then I must sentence her pursuant to those guidelines. If I were to do otherwise it would mean in my mind I would become a law breaker and I also believe that with certainty any more lenient sentence, would result in a reversal, so from a practical point of view I don't believe that any purpose would be served by a less severe sentence.
 
 
 27
 Id. Based on these comments, this court denied jurisdiction over the appeal, explaining:
 
 
 28
 If Judge Mihm had said, "The Guidelines do not permit a downward departure for a single act of aberrant behavior," it would be clear that he believed he lacked the authority to depart, and we would remand for resentencing. But that is not what Judge Mihm said. Instead, he said that, in light of Seventh Circuit precedent, the facts of this case did not justify granting a downward departure. We believe this language demonstrates that Judge Mihm exercised his discretion in refusing to depart.
 
 
 29
 Id.; see also United States v. Thomas, 11 F.3d 732, 736 (7th Cir.1993) (jurisdiction lacking because district judge made discretionary decision not to depart downward for family circumstances of defendant), cert. denied, 115 S.Ct. 419 (1994); compare United States v. Canoy, 38 F.3d 893, 906 (7th Cir.1994) (district court may depart from Guidelines once it finds that defendant's family ties and responsibilities or community ties are "so unusual that they may be characterized as extraordinary"). Judge Mihm's comments here cannot be distinguished from the explanation he gave during sentencing in Gulley. In both cases, Judge Mihm recognized that he had authority to depart from the applicable Guidelines range but declined to so based on the surrounding factual circumstances. Accordingly, we dismiss this appeal for lack of jurisdiction.
 
 CONCLUSION
 
 30
 Because the district court's refusal to grant Haney a downward departure is discretionary and not reviewable, we DISMISS Haney's appeal for lack of jurisdiction.
 
 
 31
 ILANA DIAMOND ROVNER, Circuit Judge, concurring.
 
 
 32
 I concur in the judgment. See United States v. Canoy, 38 F.3d 893, 903-04 (7th Cir.1994) (This court has jurisdiction to review a sentence when the district judge believed that a Seventh Circuit precedent denied him the authority to depart.)
 
 
 
 [1]
 Section 922(o) provides in relevant part that "it shall be unlawful for any person to transfer or possess a machinegun."
 
 
 [2]
 This court's review of a sentence is limited to cases where the sentence was (1) "imposed in violation of law," (2) "imposed as a result of an incorrect application of the sentencing guidelines," or (3) "outside of the applicable guideline range, and ... unreasonable." 18 U.S.C. Sec. 3742(e); United States v. Sablotny, 21 F.3d 747, 749 n. 2 (7th Cir.1994)