52 F.3d 328
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Craig Allen ALLBEE, Jr., Defendant-Appellant.
 No. 94-2068.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 24, 1995.
Decided April 13, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Appellant Craig Allen Allbee appeals the sentence he received after pleading guilty to one count of conspiracy to commit robbery on federal property in violation of 18 U.S.C. Sec. 371. Allbee maintains that he is entitled to a downward departure in his sentence because of a sentencing disparity between himself and his co-offender that is due to unique circumstances. We affirm.
 
 I. BACKGROUND
 
 2
 On September 7, 1993, Allbee and Gary Chase committed a robbery and an attempted robbery on the United States Army Base at Fort Eustis, Virginia. Chase was an active duty serviceman at the time; Allbee was a civilian.[1] On both occasions, Allbee and Chase pulled up to their intended victim in a car and threatened the individual with a BB gun. The first victim did not have a wallet, so Allbee and Chase drove off with nothing. Allbee and Chase took the second victim's wallet, but left him otherwise unharmed.
 
 
 3
 Allbee was charged in the United States District Court for the Eastern District of Virginia in a three-count indictment: Count I charged conspiracy to commit robbery on federal property (18 U.S.C. Sec. 371); Count II charged robbery (18 U.S.C. Secs. 7(3), 2111, 2); Count III charged attempted robbery (18 U.S.C. Secs. 7(3), 2112, 2). Allbee was arrested pursuant to the charges on December 20, 1993 at his then current residence in Muncie, Indiana. The charges were transferred to the Southern District of Indiana, Indianapolis Division, pursuant to Federal Rule of Criminal Procedure 20.
 
 
 4
 Allbee pled guilty to Count I. His criminal history category was I, and the offense level was calculated to be 22. The appropriate Sentencing Guidelines range was calculated to be 41-51 months. Neither side objected to the classification, offense level, or calculated range. The United States Probation Department noted no factors warranting a departure from the guideline range. At sentencing, Allbee argued that there were grounds for downward departure under 18 U.S.C. Sec. 3553(b) and U.S.S.G. Sec. 5K2.0, based on the result of the military court martial of Chase. Chase pled guilty to charges relating to the same offenses and received a sentence of 18 months incarceration at hard labor, a reduction in rank to E-1, total forfeiture of pay, and a Dishonorable Discharge.[2] Allbee argued that two offenders being prosecuted in two distinct federal systems was unique and had resulted in an unconscionable sentencing disparity that could not have been foreseen by the Sentencing Commission in developing the guidelines.[3] He maintained, given the extraordinary circumstances, that he was entitled to a downward departure to bring his sentence in line with Chase's sentence.
 
 
 5
 The district court rejected the argument, based largely on United States v. Hall, 977 F.2d 861 (4th Cir.1992) and United States v. Guerrero, 894 F.2d 261 (7th Cir.1990). The court imposed the minimum sentence of 41 months imprisonment and imposed no fines.
 
 II. DISCUSSION
 A. Jurisdiction
 
 6
 The government argues that the appeal should be dismissed for lack of jurisdiction, as Allbee has not established a ground for appeal cognizable under 18 U.S.C. Sec. 3742. Allbee maintains that this court has jurisdiction to review his sentence because the district court judge erroneously believed she had no authority to depart downward based on her mistaken conclusion that such a departure was not authorized by law.
 
 
 7
 A defendant may appeal an otherwise final sentence if the sentence: 1) was imposed in violation of law; 2) was imposed as a result of an incorrect application of the guidelines; 3) is greater than the sentence specified in the applicable guideline range; or 4) was imposed for an offense for which there is no guideline and is plainly unreasonable. 18 U.S.C. Sec. 3742(a).
 
 
 8
 A determination to depart downwards from the guidelines "is wholly within the discretion of the district court [and] there is no appellate remedy available if a district court chooses not to depart." United States v. Gaines, 7 F.3d 101, 105 (7th Cir.1993). See also United States v. Winston, 34 F.3d 574, 581 (7th Cir.1994) (no jurisdiction to hear such an appeal). A district judge who misinterprets her authority to depart, however, has either committed a mistake of law under Sec. 3742(a)(1) or misapplied the guidelines under Sec. 3742(a)(2). United States v. Thomas, 11 F.3d 732, 735 (7th Cir.1993), cert. denied, 115 S.Ct. 419 (1994). Thus, if the decision not to depart is based on an erroneous belief that the district judge lacked authority to depart, the sentence is reviewable on appeal. United States v. Canoy, 38 F.3d 893, 903 (7th Cir.1994); Gaines, 7 F.3d at 105.
 
 
 9
 We have considered certain factors in ascertaining whether a district court believed it had authority to depart, including the district judge's comments, whether defendant requested a departure, whether defendant cited relevant authority, and whether defendant informed the court of its discretion to depart. Gaines, 7 F.3d at 106. If there is no indication in the record that the district court believed it lacked authority to grant a departure, this court presumes the district court declined to depart as a matter of discretion. United States v. Rosalez-Cortez, 19 F.3d 1210, 1221 (7th Cir.1994).
 
 
 10
 A review of the sentencing transcript indicates Judge Barker's decision not to depart was based on her conclusion such a departure was not authorized under the law. The district judge's comments make it clear she believed such a departure was not legally authorized.
 
 
 11
 That's an argument to make to your Congressman, not an argument to make to the court. Because it's not a ground of departure under the very narrow set of circumstances under which this court can grant departures. (TR. at 41).
 
 
 12
 I want you to understand, but I want everyone who has come with you to court to understand in particular, that under the current laws this court has very little discretion in imposing the sentence. And we have talked about the things that matter. The issue that your lawyer advanced is a very credible issue, but it doesn't carry the day as a matter of law. That's not what the law is on that point. (TR. at 59) (emphasis added).
 
 
 13
 So I find no legally acceptable reason to depart from the guideline ranges, and I'll approach the sentencing in view of that. (TR. at 61).
 
 
 14
 So the guideline range for the custodial portion is forty-one to fifty-one months, and I will impose the sentence at the lowest end of the guidelines, forty-one months. That's the best I can do. That's what the law requires. (TR. at 62) (emphasis added).
 
 
 15
 Further, the district court relied primarily upon United States v. Hall, 977 F.2d 861 (4th Cir.1992), a case which held a sentencing disparity is not a legally cognizable ground for departure. (TR. at 42).
 
 
 16
 Given the district court judge's conclusion that she had no legal authority to depart downward, we have jurisdiction to review the appeal.[4]
 
 B. Sentencing
 
 17
 The government argues that the district court judge properly concluded she had no authority to depart, given the prevailing law in this circuit that disparate sentences between co-defendants is not grounds for a downward departure. Allbee maintains he is entitled to a departure, given the extraordinary circumstances of two cohorts being sentenced in different federal systems and the guidelines' purpose of reducing sentencing disparities. There have apparently been no cases dealing with disparate sentences between cohorts based on the fact one offender was sentenced in federal district court and the other was sentenced in a military court. This court concludes, however, a disparity in sentences between cohorts in such circumstances is not a legally sufficient ground for a downward departure.
 
 
 18
 Courts are required "to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. Sec. 3553(a)(6). Further, a district court may depart downward, pursuant to 18 U.S.C. Sec. 3553(b)[5] and U.S.S.G. Sec. 5K2.0,[6] if the court finds a mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the guidelines that should result in a lesser sentence. United States v. Seacott, 15 F.3d 1380, 1386 (7th Cir.1994). See also United States v. Porter, 23 F.3d 1274, 1279-80 (7th Cir.1994).
 
 
 19
 However, a sentencing disparity, without more, is not an adequate basis for a downward departure. In this circuit, "[i]f the sentence imposed upon a particular defendant falls within the applicable Guideline, then it will not be overturned on the ground that another defendant was sentenced differently." United States v. Edwards, 945 F.2d 1387, 1398 (7th Cir.1991), cert. denied, 112 S.Ct. 1590 (1992). See also United States v. Betts, 16 F.3d 748, 765 (7th Cir.1994); United States v. Stowe, 989 F.2d 261, 264 (7th Cir.1993) (a disparity in sentences is not sufficient to warrant resentencing of defendants); United States v. Cea, 963 F.2d 1027, 1033-34 (7th Cir.1992), cert. denied, 113 S.Ct. 281 (1992); United States v. Coonce, 961 F.2d 1268, 1282 (7th Cir.1992). "Nothing in 18 U.S.C. Sec. 3742(a) ... allows review of a sentence imposed in conformity with the Guidelines on grounds that a co-defendant was treated differently." United States v. Heilprin, 910 F.2d 471, 475 (7th Cir.1990) (quoting United States v. Smith, 897 F.2d 909, 911 (7th Cir.1990)). See also United States v. Guerrero, 894 F.2d 261, 267 (7th Cir.1990) (no basis for review because of a claim a "particular sentence is draconian or too lenient.").
 
 
 20
 This position is in conformity with the other circuits, which nearly universally conclude that a sentencing disparity among similarly situated co-defendants or co-conspirators does not warrant a departure from the guideline range. See United States v. Hall, 977 F.2d 861, 864 (4th Cir.1992) (collecting cases). See also United States v. Pierro, 32 F.3d 611, 622 (1st Cir.1994); United States v. Brown, 29 F.3d 953, 959 (5th Cir.1994), cert. denied, 115 S.Ct. 587 (1994); United States v. Sitton, 968 F.2d 947, 961-62 (9th Cir.1992), cert. denied, 113 S.Ct. 478 (1992). But see United States v. Nelson, 918 F.2d 1268, 1273 (6th Cir.1990) (court not precluded as a matter of law from departing downward to bring one conspirator's sentence in line with that of another). The general basis for the rule is that correcting the perceived disparity between the two defendants would result in a greater disparity between the defendant receiving the adjustment and all other similarly situated defendants on a national basis. See Hall, 977 F.2d at 864 n. 4; United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir.1991), cert. denied, 112 S.Ct. 441 (1991).
 
 
 21
 The fact that Allbee and Chase were not co-defendants before the same court does not change this result, as a defendant is not entitled to a downward departure on the grounds a similarly situated cohort who is tried in another system receives a lower sentence. That a federal defendant's cohort is tried in state court and receives a lower sentence is not a ground for departure, nor is the fact that the federal defendant would have received a lower sentence had he been tried in state court. See United States v. Minicone, 26 F.3d 297, 302 (2nd Cir.1994), cert. denied, 115 S.Ct. 344 (1994); Hall, 977 F.2d at 864; Sitton, 968 F.2d at 961-62; United States v. Vilchez, 967 F.2d 1351, 1353-55 (9th Cir.1992) (a different court system with different laws).
 
 
 22
 Allbee argues that his case involves "more" than a mere sentencing disparity. He claims the Sentencing Commission could not have foreseen the extraordinary case of cohort # 1 being tried in the federal district court while cohort # 2 is tried in military court, especially when federal jurisdiction over cohort # 1 is as a result of the fortuitous circumstance the crimes took place on a military base. Allbee notes that past military convictions can be used in calculating guidelines sentences, thus the civilian and military courts are not insulated from one another. He further argues that the cases holding disparities between federal and state defendants are irrelevant are inapplicable because both the district courts and the military courts are "federal" courts. These arguments are unpersuasive.
 
 
 23
 First, Congress specifically exempted actions under the Uniform Code of Military Justice from the guidelines. See 18 U.S.C. Sec. 3551(a). Second, sentencing disparities between co-defendants in different federal courts is not a basis for departure. See Hall, 977 F.2d at 864 (collecting cases). Third, the military courts are no less a separate "system" than the state courts, as Congress has set a different balance between individual rights and military needs in the military courts. See generally Weiss v. United States, 114 S.Ct. 752, 760-61 (1994); Solorio v. United States, 483 U.S. 435 (1987); Middendorf v. Henry, 425 U.S. 25, 38-39 (1976) (much broader range of conduct governed by military code); Parker v. Levy, 417 U.S. 733, 749 (1974) (military code "cannot be equated to civilian criminal code"); United States v. Chapman, 954 F.2d 1352 (7th Cir.1992).[7] Furthermore, although military convictions can be used to enhance sentences under the guidelines, see United States v. MacDonald, 992 F.2d 967, 969-70 (9th Cir.1993), this is also true of state court convictions.
 
 
 24
 Allbee's emphasis on the alleged "fortuitous" nature of his situation is equally unpersuasive. Given that Allbee knew his companion was in the military, and knew their selected "hunting ground" was a military base, it seems difficult to characterize the circumstances as "fortuitous." More significantly, the "fortuitousness" of a defendant's circumstances is generally legally irrelevant. In United States v. Wogan, 938 F.2d 1446 (1st Cir.1991), cert. denied, 112 S.Ct. 441 (1991), the court concluded that a co-defendant was not entitled to a downward departure, despite the fact his sentence was four times longer than that of his similarly situated co-defendant (108 months to 27 months). The sole basis for the difference was slipshod (but in good faith) presentation of evidence by the government, which led to a higher quantity of narcotics being tied to one defendant. 938 F.2d at 1447. In holding a departure was inappropriate, the court concluded that a downward departure under Sec. 5K2.0 must be based on a specific characteristic of the defendant or on a meaningful atypicality of the offense behavior. Id. at 1448.[8] See also Vilchez, 967 F.2d at 1355 (fortuity that one defendant was left in the state system was irrelevant); Guerrero, 894 F.2d at 267 n. 4 (sentencing disparity at least in part due to miscalculation by district court). Allbee's claim for a departure is in no way based on any characteristic of himself or the crimes he committed.
 
 III. CONCLUSION
 
 25
 The guidelines "leave little room for mercy, and [defendant] received the full benefit of the district judge's limited discretion when he was sentenced at the very bottom of the sentencing range." Betts, 16 F.3d at 765.[9] The disparity between the Allbee's sentence and that of Chase is not a legally acceptable ground for departure. Allbee's sentence is AFFIRMED.
 
 
 
 [1]
 Allbee had been a private in the United States Army based at Fort Eustis. However, he had left the service approximately three months before the crimes occurred
 
 
 [2]
 All information regarding Chase's plea and sentence was taken from the Presentence Report prepared for Allbee. No additional facts were produced at sentencing regarding precisely what Chase pled guilty to nor any details about his sentence. All sides agree that Chase's court martial was governed by the Uniform Code of Military Justice, 10 U.S.C. Sec. 801, et seq. The sentencing guidelines do not apply to prosecutions under the Uniform Code of Military Justice. See 18 U.S.C. Sec. 3551(a)
 
 
 [3]
 Allbee also argued for a departure based on the claim the crime was an "aberrant act." This argument was not pursued on appeal
 
 
 [4]
 We note there is some ambiguity in the district court record regarding the judge's belief as to her authority to depart. When the leniency of Chase's sentence was argued, the district court judge stated "I know, but then I hate to argue disparities on one side of the facts." (TR. at 43). This statement could indicate the district judge would have considered a departure given sufficient facts. A district judge's conclusion that the facts of a case do not warrant a departure is not reviewable on appeal. United States v. Steels, 38 F.3d 350, 352 (7th Cir.1994); United States v. Brown, 14 F.3d 337, 340 (7th Cir.1994), cert. denied, 115 S.Ct. 164 (1994). However, when viewed in context, this comment is merely a remark made in passing after the judge concluded departure was not warranted as a matter of law
 
 
 [5]
 Section 3553(b) provides:
 Application of guidelines in imposing a sentence. The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission. In the absence of an applicable sentencing guideline, the court shall impose an appropriate sentence, having due regard for the purposes set forth in subsection (a)(2)....
 
 
 [6]
 Guidelines Section 5K2.0 provides:
 Under 18 U.S.C. Sec. 3553(b) the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." Circumstances that may warrant departure from the guidelines pursuant to this provision cannot, by their very nature, be comprehensively listed and analyzed in advance. The controlling decision as to whether and to what extent departure is warranted can only be made by the courts.... Any case may involve factors in addition to those identified that have not been given adequate consideration by the Commission. Presence of any such factor may warrant departure from the guidelines, under some circumstances, in the discretion of the sentencing court....
 An offender characteristic or other circumstance that is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range may be relevant to this determination if such characteristic or circumstance is present to an unusual degree and distinguishes the case from the "heartland" cases covered by the guidelines in a way that is important to the statutory purposes of sentencing.
 
 
 [7]
 In addition, the one case dealing with another enclave held that a prosecutor's decision to terminate prosecution in the District of Columbia courts and reinstate them in federal district court to take advantage of stiffer penalties under the guidelines did not warrant a downward departure. See United States v. Dockery, 965 F.2d 1112, 1117-18 (D.C.Cir.1992)
 
 
 [8]
 Two cases which permitted a departure on grounds of a "fortuity" are readily distinguishable from Allbee's situation. In United States v. Boshell, 952 F.2d 1101, 1108-09 (9th Cir.1991) and United States v. Ray, 930 F.2d 1368, 1372-73 (9th Cir.1990), the Ninth Circuit concluded the defendants were entitled to a departure based on the fact that their co-defendants were sentenced or allowed to plead outside the guidelines during the gap between the Ninth Circuit's conclusion that the guidelines were unconstitutional and the Supreme Court's reversal of that conclusion. The Ninth Circuit subsequently emphasized the result was unique, largely because the defendants were in the same court system but subject to considerably different standards. Vilchez, 967 F.2d at 1354. Allbee and Chase were in different court systems
 
 
 [9]
 Lastly, we note parenthetically that even if departures were warranted in these types of cases, Allbee has not shown he is entitled to one. There has been no information presented regarding the circumstances of Chase's plea or sentence. Chase could well have pled to a different charge or had other factors warranting a shorter sentence, such as substantial assistance. Further, it is far from obvious that the sentences are disparate. Although Allbee has a longer period of incarceration, Chase will apparently spend his incarceration at "hard labor." In addition, Allbee was not fined, whereas Chase was required to forfeit all pay