UNITED STATES of America, Plaintiff–Appellee,

v.

Ademola AROWOSAYE, Defendant–Appellant.

No. 02–4322.

United States Court of Appeals, Seventh Circuit.

Argued March 2, 2004.

Decided Oct. 5, 2004.

Juliet Sorensen, Chicago, IL, for Plaintiff–Appellee.

Richard H. Parsons, Peoria, IL, for Defendant–Appellant.

Before CUDAHY, RIPPLE, and Hon. DIANE P. WOOD, Circuit Judges.

### ORDER

Ademola Arowosaye appeals from the district court's decision not to depart downward from his sentence of 44 months' imprisonment for conspiracy to import heroin, in violation of 21 U.S.C. § 963. Arowosaye requested a downward departure because he is a Nigerian citizen who faces deportation from the United States as well as an additional term in a Nigerian prison upon return as a consequence of his drug conviction in the U.S. We dismiss the appeal for lack of jurisdiction.

Customs agents arrested Patricia Enwere at O'Hare airport after she tried to smuggle heroin into the U.S. from Nigeria. Enwere agreed to cooperate with the agents and set up a meeting with Arowosaye and another Nigerian, Olanrewaju Durodola. When Arowosaye and Durodola showed up for the meeting, both were arrested. The government charged Arowosaye with conspiracy to import heroin, and he pleaded guilty. At sentencing Arowosaye received reductions from his offense level of 28 for playing a minor role in the offense, U.S.S.G. § 3B1.2, and acceptance of responsibility, U.S.S.G. § 3E1.1, along with a safety valve reduction, U.S.S.G. § 5C1.2. Thus Arrowosaye's offense level was 21 and his sentencing guideline range for imprisonment was 37 to 46 months. Arowosaye requested that the court also grant him a downward departure under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2 on the grounds that he is an alien subject to deportation to Nigeria and will face stricter conditions of confinement in the U.S. in that he will not be eligible for early release into a halfway house, and, in accordance with Nigerian law, may face an additional prison term of five years upon his return to the country. Arowosaye explained that Nigeria's 1990 National Drug Law Enforcement Agency Decree, also known as "Decree 33," creates additional consequences for Nigerian citizens convicted of drug charges outside the country:

> Any Nigerian citizen found guilty in any foreign country of any offence involving narcotic drugs or psychotropic substances and who thereby brings the name Nigeria into disrepute shall be . . . liable to imprisonment for a term of five years without an option of fine and his assets and properties shall be liable to forfeiture.

Nigerian National Drug Law Enforcement Agency Decree 1990, § (a)(2)-(3).

The court denied Arowosaye's request on both grounds. As to Arowosaye's request based on possible additional incarceration in Nigeria, the court deemed the prospect that Nigeria would automatically enforce Decree 33 against him as too speculative:

> [W]ithout some indication that this is automatic, it would be to abdicate responsibility for this offense to what Nigeria may or may not do with respect to enforcement of their laws. The offense is here. I think that in the absence of some very strong evidence that Nigeria is going to punish the defendant for the same offense, I think that the punishment should be what the law and the guidelines require here.

As to Arowosaye's request based on stricter conditions of confinement in the United States because of his status as a deporta-

ble alien, the court stated that "the guideline range is sufficient that I can take that into account within the guidelines." The court then sentenced Arowosaye to 44 months' imprisonment after "knock[ing] off a couple of months because of [his status] as a deportable alien."

■ On appeal Arowosaye asks us to review the district court's decision not to depart downward. Our jurisdiction "to review a sentencing court's refusal to give a downward departure" is extremely limited. *United States v. Hernandez,* 330 F.3d 964, 987 (7th Cir.2003). Indeed, our jurisdiction to review such a decision arises only if "it is established that the sentencing court errantly believed that it lacked the legal authority to grant a downward departure." *Id.* Arowosaye contends, however, that this is one of those rare instances where we do in fact have jurisdiction to review the court's decision. Arowosaye argues that the court's decision not to depart downward was based on an erroneous interpretation of Nigerian law that led the court to believe that it lacked authority to depart downward from the sentencing guidelines. Thus, Arowosaye contends, we have jurisdiction to review the court's decision.

■ Arowosaye's argument about the content of Nigerian law appears to be premised on a misunderstanding of the law that governs our jurisdiction to review a district court's denial of a downward departure. Arowosaye suggests that the court's supposedly erroneous legal conclusions about Nigerian law provide the panel with a jurisdictional basis to review his claim. This is incorrect. Our jurisdiction extends only to a district court's denial of a downward departure that is based "on an erroneous legal conclusion about the court's authority to depart" from the *sentencing guidelines, United States v. Atkinson,* 259 F.3d 648, 653 (7th Cir.2001) (quoting *United States v. Poff,* 926 F.2d 588, 591

(7th Cir.1991) (emphasis added)), and not to a district court's possibly erroneous legal conclusion about some other law that may have influenced its decision not to depart. Such an inquiry would be an impermissible review of the district court's determination that the facts of a case do not support a downward departure. See *United States v. Steels,* 38 F.3d 350, 352 (7th Cir.1994); *United States v. Gulley,* 992 F.2d 108, 112 (7th Cir.1993). In his reply brief, Arowosaye asks us to reject this circuit's precedent in *Steels* and instead to adopt the approach of the Second and District of Columbia circuits and review the district court's factual findings underlying a refusal to depart for "clear error." See *United States v. Sammoury,* 74 F.3d 1341 (D.C.Cir.1996); *United States v. Adeniyi,* 912 F.2d 615 (2d Cir. 1990). Even if we were inclined to do so, which we are not, the district court's factual finding that Arowosaye's potential for additional incarceration in Nigeria under Decree 33 was too speculative would withstand clear error review. See *United States v. Hamzat,* 217 F.3d 494, 501 (7th Cir.2000). The district court's interpretation of Nigerian law is not the type of legal conclusion that we review *de novo.*

Therefore, the only issues before us are "whether the district court had the authority to depart and if it did, whether it knew that it had such authority." See *Hernandez,* 330 F.3d at 987. As to this first issue, whether the district court had the authority to depart, U.S.S.G. § 5K2.0, as a general matter, allows a district court to depart from the sentencing guideline range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *Id.* n. 18, quoting

U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(b). Unless the guidelines specifically proscribe consideration of a factor, the factor is to be considered. *Koon v. United States*, 518 U.S. 81, 109, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

■ In the district court, Arowosaye argued that the decisions in *United States v. Gallo–Vasquez*, 284 F.3d 780 (7th Cir. 2002); *United States v. Guzman*, 236 F.3d 830 (7th Cir.2001); and *United States v. Farouil*, 124 F.3d 838 (7th Cir.1997), allow a sentencing court to depart downward based on the collateral consequences of a defendant's status as a deportable alien. That line of cases was disapproved, however, in *United States v. Meza–Urtado*, 351 F.3d 301, 305 (7th Cir.2003), which expressly holds that downward departures are not justified based solely a defendant's status as a deportable alien. The alien defendant may not be eligible for certain end-of-sentence modifications such as several months in halfway house, but only when " 'conditions of confinement, or other incidents of punishment' [are] 'substantially more onerous' than the guidelines contemplate as the punishment for their crimes of conviction" should a downward departure be considered. *Meza–Urtado*, 351 F.3d at 304 (quoting *Guzman*, 236 F.3d at 834).

■ If Arowosaye were able to show conclusively that his alien status subjected him to an additional prison term beyond that contemplated by the sentencing guidelines, a downward departure might be justified (though not compelled) on that ground. See *United States v. Camejo*, 333 F.3d 669, 670 (6th Cir.2003) (determining that the sentencing court should have considered a downward departure for a defendant who had already been incarcerated for two years as an immigration detainee at the time he committed the offense that resulted in his conviction); but *cf. United States v. Olutayo*, No. 01–C–7323, 2002 WL 31557590, 2002 U.S. Dist. LEXIS 22242, at *12–13 (N.D.Ill. Nov.14, 2002) (determining that counsel was not ineffective for failing to argue for a downward departure based on the defendant's status as an alien deportable to Nigeria who "may be subjected to additional punishment on his return to Nigeria" because his status as an alien was not "so extraordinary as to be outside the heartland of cases contemplated by the guidelines"); *Inufele v. United States*, No. 95–CV–4669(SJ), 1997 WL 285021, 1997 U.S. Dist. LEXIS 21618, at *5–6 (E.D.N.Y. May 19, 1997) (finding that defendant's status as an alien deportable to Nigeria who may face a term of imprisonment there for the same offense for which he is imprisoned in the U.S. did not create a double jeopardy problem). Since this is not a forbidden ground of departure, we conclude that the district court possessed the authority to depart downward based on Arowosaye's status as an alien deportable to Nigeria who faces an additional term of incarceration there that is not accounted for in the sentencing guidelines.

■ The second question in our jurisdictional analysis, whether the district court knew that it had the authority to depart, is fairly straightforward. Although the district court did not say in so many words that it was aware of its discretion to depart, the tenor of its language reveals that it believed that it did. The court stated: "I think that in the absence of some very strong evidence that Nigeria is going to punish [Arowosaye] for the same offense, I think that the punishment should be what the law and the guidelines require." Tr. Sentencing Hr'g at 4 (emphasis added). First, the court signaled that it might have granted the departure had the evidence of likely punishment in Nigeria been stronger; this makes sense only if the court

understood the scope of its own discretion. Second, nothing in the court's language suggested that its decision was in any way compelled under the sentencing guidelines. A conclusion that the district court was exercising its discretion here is further supported by the court's subsequent decision to reduce Arowosaye's sentence within the guideline range based on his status as a deportable alien who faces stricter conditions of confinement in the United States.

Absent a clear indication that the court thought itself forbidden by the sentencing guidelines from granting a downward departure, we presume that the district court knew and understood the law and the parameters of its discretion. See *United States v. Egwaoje*, 335 F.3d 579, 588 (7th Cir.2003) ("We presume that district court judges know and understand the law, and we will not disturb that presumption by mere inference."); *United States v. Albarran*, 233 F.3d 972, 979 (7th Cir.2000) ("We simply have no indication that the district court did not understand its discretion and we are inclined to presume that the opposite is true...."). All of this shows that the district court was aware of its discretion to depart and simply chose not to do so. We therefore have no jurisdiction over Arowosaye's appeal, which is hereby DIS-MISSED.