**UNITED STATES of America, Appellee**

v.

**Lorna SAMMOURY, A/K/A Lorna Sammoury–Tsegaye, Appellant.**

No. 95–3043.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 7, 1995.

Decided Feb. 6, 1996.

Teresa Alva, Assistant Federal Public Defender, Washington, DC, argued the cause for appellant. With her on the briefs was A.J. Kramer, Federal Public Defender.

Magdalena A. Bell, Assistant United States Attorney, Washington, DC, argued the cause for appellee. With her on the brief were Eric H. Holder, Jr., United States Attorney, John R. Fisher and Kristan Peters–Hamlin, Assistant United States Attorneys.

Before: RANDOLPH, ROGERS, and TATEL, Circuit Judges.

Opinion for the court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

Lorna Sammoury worked for a charity. While opening the mail and logging in donations, she helped herself to more than half a million dollars, depositing the donors' checks in her personal bank account. For this she pled guilty to violating 18 U.S.C. § 1344. As part of her sentence, the judge ordered her to serve 30 months in prison. The prison term was within the Sentencing Guidelines' range of 24 to 30 months. Sammoury asked the judge to give her a sentence lower than the Guidelines indicated. Her former husband abused her during their marriage, which corresponded with most of the five-year offense period. Therefore, she said, the policy statements in U.S.S.G. § 5K2.12 (coercion and duress)[1] and U.S.S.G. § 5K2.13 (diminished capacity)[2] warranted a downward departure from the low end of the guideline range. The judge's refusal to sentence her to less than 24 months' imprisonment is the main subject of Sammoury's appeal, taken

---

1. U.S.S.G. § 5K2.12 *Coercion and Duress* (Policy Statement)

 If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guideline range. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily coercion will be sufficiently serious to warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from a natural emergency. The Commission

considered the relevance of economic hardship and determined that personal financial difficulties and economic pressures upon a trade or business do not warrant a decrease in sentence.

2. U.S.S.G. § 5K2.13 *Diminished Capacity* (Policy Statement)

 If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

pursuant to 18 U.S.C. § 3742(a).[3]

## I

Sammoury has two points: the judge misapprehended his authority to depart; and the judge misapprehended the evidence relating to Sammoury's qualification for a departure. The first raises a question of law, the second of fact. Everyone agrees we may pass on the legal issue. But the government says we have no jurisdiction to consider the factual one. We think the government is mistaken and we will begin by explaining why.

For sentences within the applicable guideline range, there are but two possible statutory grounds for review: that the sentence "was imposed in violation of law" (18 U.S.C. §§ 3742(a)(1), (e)(1)), or that it "was imposed as a result of an incorrect application of the sentencing guidelines" (18 U.S.C. §§ 3742(a)(2), (e)(2)). As to the first, the term "law" in "imposed in violation of law" must refer to more than just the law embodied in the Guidelines. Otherwise the two provisions containing this language—§§ 3742(a)(1) and 3742(e)(1)—would be superfluous: two other subsections (§§ 3742(a)(2) and 3742(e)(2)) expressly make a violation of the Guidelines—that is, an incorrect application of them—a ground for vacating a sentence. With respect to refusals to depart, it would be highly unlikely for such discretionary judgments to result in sentences "imposed in violation of" some "law" other than the Guidelines. One would have to imagine a judge determining that despite the defendant's qualification for a downward departure, none will be ordered because of some illegal reason, such as the defendant's race or religion. *United States v. Burnett*, 66 F.3d 137, 139 (7th Cir.1995). This is not such a case and Sammoury does not argue that her sentence violated any "law" other than the Guidelines.

The usual ground for appealing a refusal to depart, the ground Sammoury invokes, is that the sentence "was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. §§ 3742(a)(2), (e)(2). One might wonder how a judge could ever misapply the Guidelines by refusing to impose a sentence outside the guideline range. Departures are discretionary. The sentence must be within the applicable guideline range unless the judge "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). The presence of such an aggravating or mitigating circumstance "may" warrant a departure from the guideline range "in the discretion of the sentencing judge," who is free to take into account countervailing considerations. U.S.S.G. § 5K2.0 (policy statement). The words and phrases "of a kind," "to a degree," and "may," capped off with "discretion," strongly suggest we have encountered an increasingly rare species—trial court discretion free from appellate examination. That the discretion is unfettered also seems to follow from 18 U.S.C. § 3742, the statute conferring jurisdiction on the appellate courts to review sentences, for the reasons explained in *United States v. Colon*, 884 F.2d 1550, 1555 (2d Cir.), *cert. denied*, 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). Hence, if the judge correctly understood the Sentencing Guidelines and the evidence, knew he could depart, and yet decided to stick to the guideline range, there has been no incorrect application of the Guidelines within § 3742's meaning and so the resulting sentence cannot be set aside. On this point, the courts of appeals are unanimous. *E.g., United States v. Salmon*, 948 F.2d 776, 780 (D.C.Cir.1991); *United States v. Colon*, 884

---

**3.** We say the "main subject" because in a footnote in her brief, Sammoury raises another argument, namely that because her guideline range— 24 to 30 months—"exceeds 24 months" the district judge erred in failing to state reasons for giving her 30 months. Sammoury has misread 18 U.S.C. § 3553(c)(1), which requires a sentencing court to state its reasons for imposing a sentence at a particular point in the range, if "the range exceeds 24 months." Section 3553(c)(1) applies, in other words, if the difference between the upper and lower bounds of the range is more than 24 months, not if the upper bound of the range is more than 24 months. *United States v. Zine*, 906 F.2d 776, 779 (D.C.Cir. 1990).

F.2d at 1554.[4] The decision whether to depart is, in other words, "left solely to the sentencing court." *Williams v. United States,* 503 U.S. 193, 205, 112 S.Ct. 1112, 1121, 117 L.Ed.2d 341 (1992).

■ This interpretation of §§ 3742(a)(2) and (e)(2) insulates most refusal-to-depart cases from appellate reversal, but not all. If a district judge sticks to the guideline range because he mistakenly believes he lacks authority to do otherwise, his sentencing decision is reviewable on appeal. *See United States v. Chatman,* 986 F.2d 1446, 1448 (D.C.Cir.1993); *United States v. Hazel,* 928 F.2d 420, 423 (D.C.Cir.1991); *United States v. Ortez,* 902 F.2d 61, 64 (D.C.Cir.1990); *United States v. Prescott,* 920 F.2d 139, 145–46 (2d Cir.1990); *United States v. Fossett,* 881 F.2d 976, 979 (11th Cir.1989); *United States v. Russell,* 870 F.2d 18 (1st Cir.1989); and *United States v. Cheape,* 889 F.2d 477 (3d Cir.1989). To illustrate, suppose the judge refuses to depart because the Sentencing Commission adequately considered a particular mitigating (or aggravating) circumstance in formulating the Guidelines (*see* 18 U.S.C. § 3553(b)). Suppose also that the judge is wrong about what the Sentencing Commission took into account. Then, the judge will have sentenced the defendant on the basis of an "incorrect application" of the Guidelines, as these words are used in §§ 3742(a)(2), (e)(2) and (f)(1). *See Williams,* 503 U.S. at 200, 112 S.Ct. at 1119. The theory is that in declining to grant a departure, the judge has interpreted the Guidelines; and, so the theory goes, incorrectly interpreting the Guidelines equals incorrectly applying them. Whether such an interpretative error has occurred may sometimes be a garden-variety question of law or it may be, then-Judge Breyer thought in *United States v. Rivera,* 994 F.2d 942, 951–52 (1st Cir.1993), a question of "degree," turning on something other than a pure legal analysis of the words in the Guidelines, as when the judge decides if a defendant's offender characteristics are so unusual that a departure is warranted. 994 F.2d at 948. *But see United States v. Koon,* 34 F.3d 1416, 1451 (9th Cir. 1994), *cert. granted,* —— U.S. ——, 116 S.Ct. 39, 132 L.Ed.2d 920 (1995).

■ Even if the judge correctly understands his discretionary authority to depart downward when a particular mitigating circumstance exists, the judge may make a clearly erroneous factual finding that the circumstance does not exist. This, in essence, is what Sammoury says happened here in view of the judge's determination that the abuse she suffered was not connected to her offense—that, in other words, she did not fit within U.S.S.G. § 5K2.12 or § 5K2.13. Because of the factual nature of the claim, the government says we cannot consider it under §§ 3742(a)(2) and (e)(2). None of our decisions resolve the question and the opinions of other circuits do not provide much assistance.[5] In terms of the statute, the question

---

4. Cases are collected in FEDERAL JUDICIAL CENTER, GUIDELINE SENTENCING: AN OUTLINE OF APPELLATE CASE LAW ON SELECTED ISSUES 224 (Sept. 1995). Courts occasionally frame the rule in jurisdictional terms, stating something to the effect that because the district court did not misconstrue its authority to depart, the appellate court does not have jurisdiction over the appeal. *E.g., United States v. Patterson,* 15 F.3d 169, 171 (11th Cir. 1994). This appears to be just another way of saying the defendant loses on the merits. The appellate court has jurisdiction to decide, and indeed does decide, whether the district court correctly understood its discretion to depart or not to depart.

5. The opinions do not analyze or cite §§ 3742(a)(2) or (e)(2), the discussions of the subject are abbreviated, many of the pronouncements appear to be dicta, and some appear to confuse downward adjustments with downward departures.

Three circuits have made statements supporting the government's position. *United States v. Underwood,* 970 F.2d 1336, 1338 (4th Cir.1992): a "factual finding underlying a district court's refusal to depart is [not] subject to review...." *United States v. Pierro,* 32 F.3d 611, 619 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 919, 130 L.Ed.2d 799 (1995): "if the judge says ... 'this circumstance of which you speak has not been shown to exist in this case,' ... no appeal lies" from the judge's refusal to depart downward. *United States v. Steels,* 38 F.3d 350, 352 (7th Cir.1994): "a determination by the sentencing judge that the facts of a case do not support a downward departure is not reviewable on appeal."

Three circuits have made statements against the government's position. The Ninth Circuit thought it could review "a factual finding that the district court believed prevented it from exercising its discretion" to depart. *United States v. Roe,* 976 F.2d 1216, 1218 n. 1 (9th Cir.1992).

is whether a judge, having declined to depart from the guideline range because of a factual mistake, has for that reason imposed the sentence "as a result of an incorrect application of the sentencing guidelines." We think the answer lies in § 3742(e)'s instruction to appellate courts to "accept the findings of fact of the district court unless they are clearly erroneous," and to "give due deference to the district court's application of the guidelines to the facts." [6] Clearly erroneous factual determinations used in determining adjustments, such as role in the offense, or acceptance of responsibility, for example, may lead to a sentence imposed as a result of an incorrect application of the Guidelines, even though the judge thoroughly understood the pertinent guideline. *See, e.g.,* cases cited in FEDERAL JUDICIAL CENTER, GUIDELINE SENTENCING: AN OUTLINE OF APPELLATE CASE LAW ON SELECTED ISSUES 225 (Sept. 1995). The same may be said of clearly erroneous factual mistakes used in determining whether to depart. We recognize that nothing in the statute governing sentencing proceedings (18 U.S.C. § 3553) expressly requires district judges to make findings of fact on the record when they reject defendants' departure requests. *See United States v. Colon,* 884 F.2d at 1555.[7] But this is not a reason for ignoring clear factual errors when they do appear on the record. Nothing expressly requires district judges to state their interpretation of the Guidelines when they decline to depart. Yet we review those decisions under §§ 3742(a)(2) and (e)(2) to see if they stemmed from the judges' misunderstanding about their authority to depart. It is no more an infringement on the discretion of trial judges to set aside a sentence when the refusal to depart rests on a clearly erroneous factual mistake than to set aside a sentence when the refusal stems from a misinterpretation of the Guidelines. In both situations, the judge has in effect not exercised the discretion conferred on him to depart or not to depart, in the former because of an error of fact, in the latter because of an error of law.

II

This brings us to the specifics of Sammoury's contention that the district judge incorrectly applied the Guidelines. At the sentencing hearing Sammoury established—through records of her medical treatment, 911 calls to the police, and her former husband's arrest and conviction for battery—that she was mentally and physically abused during her marriage. She submitted a psychologist's evaluation stating that she suffered from "battered women's syndrome" and that fear and abuse had diminished her ability to make sound judgments, a condition she claimed contributed to her commission of the offense. In response to the judge's questions regarding the connection between the abuse and her criminal conduct, Sammoury said her former husband quit his job and needed money to support his drug and alcohol addiction. She testified that he asked her for money, told her how to steal from her employer and demanded that she do so.

There is no doubt that both of the policy statements Sammoury relied upon require some degree of causal connection: U.S.S.G. § 5K2.12 permits the judge to depart from

---

The Fifth Circuit stated in *United States v. Ardoin,* 19 F.3d 177, 181 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 327, 130 L.Ed.2d 287 (1994), that in refusal-to-depart cases, it would review "the findings of fact under the 'clearly erroneous' standard...." *See also United States v. Burleson,* 22 F.3d 93, 94 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 283, 130 L.Ed.2d 199 (1994). The Second Circuit said the same in *United States v. Mickens,* 977 F.2d 69, 72 (2d Cir.1992), and *United States v. Piervinanzi,* 23 F.3d 670, 684–85 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 267, 130 L.Ed.2d 185 (1994).

6. The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.
18 U.S.C. § 3742(e).

7. Rule 32(c)(1) of the Federal Rules of Criminal Procedure requires sentencing judges to allow counsel for the defendant to comment on "matters relating to the appropriate sentence." The rule states that "[f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." FED.R.CRIM P. 32(c)(1).

the Guidelines if "the defendant committed the offense *because of* serious coercion ... under circumstances not amounting to a complete defense" (emphasis added); U.S.S.G. § 5K2.13 permits the judge to depart if a defendant's "reduced mental capacity *contributed to* the commission of the offense" (emphasis added). According to Sammoury, several of the judge's remarks reveal that he was requiring her to meet a higher degree of causal connection than § 5K2.12 and § 5K2.13 demanded. As we read the record, however, the judge did not consider degrees. Rather, he found no connection between Sammoury's abuse and her crime. The judge stated: "I do not find [ ] the connection between [the abuse] and the taking of this $531,276 to constitute what would justify a departure"; "[t]his half a million dollars in stolen money did not spring from the fact that you were in this battering situation." These remarks, and the questions the judge posed to Sammoury, such as how the abuse "explained" her offense and how her offense was "a product of" the abuse she suffered, reflect the judge's difficulty in finding *any* causal connection between the abuse and the crime. Much the same may be gleaned from the judge's advice to Sammoury that "you will come to admit that you had other options other than stealing half a million dollars from an employer that trusted you," to which the judge added that "deep down inside, you just know it's not true." What was not "true," as the judge saw the evidence, was that Sammoury's abuse contributed to her offense.

 We therefore conclude that the judge did not misapprehend the Guidelines. We also conclude that his finding of no connection was not clearly erroneous. The record is clear that Sammoury was severely and repeatedly beaten by her former husband. The record is less than clear about the relationship between the abuse and Sammoury's criminal conduct. As to the question whether Sammoury suffered from "significantly reduced mental capacity" (U.S.S.G. § 5K2.13), three experts—her primary physician, a so-

cial worker, and a psychologist—submitted letters stating that fear and anxiety contributed to Sammoury's offense by diminishing her ability to make sound judgments and blinding her to other ways to solve her problems. The district judge, however, found that her offense was a "long range and ... calculated effort" to steal money from her employer, an effort requiring extensive planning on her part. Furthermore, Sammoury's mental capacity did not keep her from exercising sound financial judgment when it came to her own finances. The district judge thought it significant that while Sammoury was stealing money from her employer she sold a condominium in Colorado, reinvested the proceeds in a house and, shortly before her arrest, paid off the loan on her car.

 The record also sufficiently supports the judge's finding that Sammoury did not commit the offense because of duress or coercion (U.S.S.G. § 5K2.12). The only evidence that Sammoury's former husband coerced her into stealing money came from Sammoury. As against her testimony, there were the facts that she continued stealing money for more than a year after she separated from her husband; that she paid off her car; and that she purchased a second home in Colorado. In the face of this evidence,[8] the district judge discounted her testimony and reasonably concluded that Sammoury was using her former husband's criminal conduct to justify her own.

The district judge, in short, misapprehended neither the Guidelines nor the evidence in determining that Sammoury was ineligible for a downward departure.

*Affirmed.*

---

**8.** The presentence report lends further support to this conclusion, but it is under seal.