84 F.3d 1453
 318 U.S.App.D.C. 79
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Cornelio CABRERA-BAEZ, Appellant.
 Nos. 95-3105, 95-3127.
 United States Court of Appeals, District of Columbia Circuit.
 April 30, 1996.
Rehearing Denied June 26, 1996.
 
 Before: WILLIAMS, RANDOLPH and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. The court has accorded the arguments full consideration and has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons set out in the accompanying memorandum, it is
 
 
 2
 ORDERED that appellant's sentence be affirmed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Cabrera-Baez appeals his resentencing following a remand from this court to correct an error in the original base offense level calculation. See United States v. Saro, 24 F.3d 283, 292 (D.C.Cir.1994). On this second appeal, he alleges three errors in his resentencing. We find no merit in any of them, and accordingly affirm Cabrera-Baez's sentence.
 
 
 5
 First, Cabrera-Baez claims that the district court should have eliminated its previous three-level upward adjustment for an aggravated role in the offense due to Cabrera-Baez's managing or supervising a participant in a conspiracy to distribute crack, U.S. Sentencing Guideline ("U.S.S.G.") § 3B1.1(b), because the evidence was insufficient to support the adjustment. Even if Cabrera-Baez could overcome several procedural hurdles in raising this argument, we find ample evidence in the trial transcript that he supervised or managed at least Manuel Carpio in a deal on September 17, 1990 involving 1.958 kilograms of crack--certainly enough evidence to survive review for clear error. See United States v. Spriggs, 996 F.2d 320, 326 (D.C.Cir.1993) (when objection to trial court's sentencing decision is properly preserved, factual findings are reviewed under clearly erroneous standard).
 
 
 6
 Second, Cabrera-Baez alleges that the district court failed to give "meaningful consideration" to Cabrera-Baez's request for a downward departure on the basis of his status as a deportable alien, see United States v. Smith, 27 F.3d 649, 655 (D.C.Cir.1994). In denying a downward departure on this basis, the district court stated at resentencing: "The court does not believe it has jurisdiction to consider such a departure given the limited nature of the remand and the provisions of Rule 35 of the Federal Rules of Criminal Procedure. Assuming arguendo that such power exists, the court sees no valid basis upon which to exercise it and, accordingly, declines to depart downward on that basis." [7/20/95 Tr. at 13.] Cabrera-Baez argues that this statement indicates the district court thought it had no discretion to depart in contradiction to this court's holding in Smith. See United States v. Beckham, 968 F.2d 47, 53, 55 (D.C.Cir.1992) (remanding for resentencing where district court was unaware of its authority to depart downward). But we think it clear from the context that the district court was simply concerned not to exceed the scope of the remand; the court plainly said so, and defense counsel had brought Smith to the court's attention twice. Thus, the district court addressed the merits of the departure and rejected it. This decision we cannot review. United States v. Hazel, 928 F.2d 420, 424 (D.C.Cir.1991) (decision not to depart downward is unreviewable so long as district court made no error of law or mistake of fact); United States v. Sammoury, 74 F.3d 1341, 1345 (D.C.Cir.1996) (noting that Congress did not require district courts to make findings of fact when rejecting departure requests).
 
 
 7
 Finally, Cabrera-Baez asserts that the district court had authority to depart downward because the Sentencing Commission's Special Report to the Congress: Cocaine and Federal Sentencing Policy (Feb.1995) and other documents indicate that the Commission failed adequately to consider the differences (or rather similarities) between crack and powder cocaine in establishing sentencing disparities between offenses involving the different forms. 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. We squarely rejected this claim in United States v. Anderson, No. 95-3109, slip op. at 5 (D.C.Cir. Apr. 16, 1996), decided after oral argument in this case.