98 F.3d 646
 321 U.S.App.D.C. 197
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Joel Christopher WILSON, Appellant.
 No. 95-3197.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 26, 1996.
 
 Before: RANDOLPH, ROGERS, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal challenging a sentence imposed by the United States District Court for the District of Columbia, having been briefed and argued, warrants only an abbreviated disposition pursuant to D.C.Cir.R. 36(b). The issues concern the district judge's refusal to depart downward from the Sentencing Guidelines on the basis that Wilson suffered from "significantly reduced mental capacity" contributing to his violation of 18 U.S.C. § 472 (counterfeiting), to which he pleaded guilty. U.S.S.G. § 5K2.13.
 
 
 2
 We held in United States v. Sammoury, 74 F.3d 1341, 1343 (D.C.Cir.1996), that "if the judge correctly understood the Sentencing Guidelines and the evidence, knew he could depart, and yet decided to stick to the guideline range, there has been no incorrect application of the Guidelines ... and so the resulting sentence cannot be set aside." Here the judge did not misinterpret U.S.S.G. § 5K2.13. He understood that he had the power to grant Wilson a downward departure. He simply declined to exercise that power. The judge also rendered no clearly erroneous factual findings. 18 U.S.C. § 3742(e). The judge had two reports from psychologists: one from Wilson, the other from the government. The reports differed about whether Wilson's psychological problems contributed to his counterfeiting, as Wilson claimed. As to this subject, the judge viewed the government's side as more persuasive, and there was sufficient evidence to take the judge's resolution out of the realm of clearly erroneous.
 
 
 3
 Wilson also presses a procedural point--namely, that the judge erred in failing to allow Wilson's psychologist to testify at the sentencing hearing. The defense is entitled to an "adequate opportunity to present information to the court" about disputed facts. U.S.S.G. § 6A1.3. The Commentary to this Guideline advises that "written statements ... may be adequate under many circumstances," and leaves the question whether to hold an evidentiary hearing to the discretion of the sentencing court. Fed.R.Crim.P. 32(c)(1). Here the judge believed that he could reach a decision on the basis of the written reports. Wilson does not say what, if anything, the testimony of his psychologist would have added to his report regarding the matter of causation. Defense counsel made no proffer in this regard. It is true that Wilson also wanted his psychologist to testify in order to rebut the government psychologist's belief that Wilson was a "malingerer," but the judge gave no indication that the possibility of malingering affected his sentencing judgment. Therefore, it is
 
 
 4
 ORDERED and ADJUDGED, by the court, that the judgment of the district court is hereby affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 41.