# United States Court of Appeals
## For the First Circuit

No. 01-1257

UNITED STATES OF AMERICA,

Appellee,

v.

CHARLES DEWIRE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Torruella and Lipez, Circuit Judges,
and Stearns*, District Judge.

Matthew H. Feinberg with whom Matthew A. Kamholtz and
Feinbert & Kamholtz were on brief for appellant.
James F. Lang, Assistant United States Attorney, with whom
James B. Farmer, United States Attorney, was on brief for
appellee.

November 16, 2001

_____

*Of the District of Massachusetts, sitting by designation.

**STEARNS, District Judge.** Defendant-appellant Charles Dewire pled guilty to using a means of interstate commerce to induce a minor to engage in a sexual act, in violation of 18 U.S.C. § 2422(b). Dewire thereafter moved for a downward departure on grounds of aberrant behavior. The district court refused to depart and imposed a sentence of one year and a day, the minimum authorized by the Sentencing Guidelines. Dewire appeals, arguing: (1) that the district court's refusal to depart was based on an erroneous factual finding that he had downloaded child pornography from the Internet; and (2) that the district court abused its discretion by denying a continuance to permit him to gather evidence to show that he had not solicited the pornographic images that had been mailed to his Internet account. We hold that the denial of a motion for a departure based on an alleged mistake of fact does not present an appealable issue. Accordingly, we lack jurisdiction to hear this appeal, and we therefore **affirm** the district court.

## I.  BACKGROUND

Using America Online ("AOL") Instant Messenger,[1] Dewire engaged in a sexually explicit conversation with an individual whom he believed to be a twelve year-old girl. Toward the end

---

[1]This AOL service feature allows users to correspond contemporaneously through e-mail.

of the conversation, he arranged to meet the girl the following afternoon at a local restaurant. In reality, the "girl" was an adult swim team coach, working on the family computer while visiting the girl's home. The coach printed the exchange with Dewire and turned it over to law enforcement authorities. Dewire was observed the next day entering and leaving the restaurant. Confronted later at his home by FBI agents, Dewire confessed.

After his indictment, Dewire filed a motion to dismiss. With its opposition to the motion, the government submitted a sealed exhibit containing images of children in graphic sexual poses, in many cases with adults. These images had been sent as e-mail attachments on three occasions between 1996 and 1998 to screen names listed to Dewire's AOL account. The district court denied Dewire's motion to dismiss, and the guilty plea followed. The Sentencing Guidelines, after an adjustment for acceptance of responsibility, prescribed a Category I offense level of 13, with a resulting sentencing range of twelve to eighteen months. Dewire moved for a downward departure claiming aberrant behavior. See United States v. Grandmaison, 77 F.3d 555 (1st Cir. 1996).[2] The government did not oppose the departure and

_____

[2]Section 5K2.20, an amendment to the Sentencing Guidelines addressing departures based on aberrant behavior, went into effect on November 1, 2000. Prior to this amendment,

-4-

joined Dewire in recommending that the district court impose a probationary sentence of five years with conditions.

At the sentencing hearing, Judge Wolf expressed concern about the instances of child pornography being sent to Dewire's e-mail account. He asked, "[w]eren't all of those events or some of those events possibly a crime?" He further questioned whether Dewire had been fully candid with his doctors about his previous involvement with child pornography. He also inquired whether, given the prior receipt of pornographic images of children, Dewire's conduct could fairly be characterized as aberrant. "I wonder whether this is properly a single act of aberrant behavior . . . . [I]f he committed, even though he was not convicted or even charged with, other crimes, I wonder if I could fairly and properly call this a single act of aberrant behavior." Commenting further, Judge Wolf said,

> I am not persuaded that the crime here was a single act of aberrant behavior. The defendant received child pornography from

---

Grandmaison established the parameters for such departures in the First Circuit. The parties and the district court agreed that Grandmaison, and not the new amendment, governed Dewire's case because his offense occurred prior to section 5K2.20's enactment. We accept the soundness of this conclusion.

Dewire also argued that the circumstances of his offense lay outside the "heartland" of the typical offense of its kind, thus justifying a departure pursuant to U.S.S.G. § 5K2.0. Dewire does not pursue this argument on appeal.

-5-

> the Internet on at least three occasions from 1996 to 1998. . . .
>
> He downloaded these materials himself at least one time. Then he said he didn't recall, when he was initially interviewed by the FBI, downloading the others. Knowing receipt of such materials is a crime but not part of this offense.

In response to Judge Wolf's comments, Dewire's counsel moved for a continuance for the stated purpose of exploring the possibility that Dewire had received the images as unsolicited e-mail attachments. Judge Wolf denied the motion to continue and imposed a committed sentence of one year and one day, to be followed by three years of supervised release.

In denying the continuance, Judge Wolf stated that despite his concerns about the images and Dewire's apparent lack of candor, these were not determinative factors in his sentencing decision. "In my estimation, the only question was what were the circumstances of the downloading. And I think . . . while that is relevant, it is not what is at the heart of this matter." Judge Wolf further stated that were the images the "sole" or "dominant" factor in his decision, he would have granted a continuance to "clarify the record." "[I]f this, in my estimation, were pivotal, decisive, I might have allowed the request but not in these circumstances." In explaining his sentence, Judge Wolf stated that,

perhaps decisively, in this instance, the nature and seriousness of the offense does not justify a sentence of probation, even if this were an isolated aberrant act.
. . . .
. . . And I find in this case it is appropriate in part to deter others who might be tempted to use the Internet to pray [sic] upon children and to recognize the seriousness of the offense.

Following the hearing, Dewire moved to stay the sentence pending appeal. At the hearing on the stay motion, Judge Wolf commented again on his reasons for denying a downward departure, explaining "while there was a lot of discussion about the images, they were not material to the outcome of the case." He repeated his observation that even if Dewire's conduct had been aberrant, he did not believe that a departure was warranted because of the extremely serious nature of the offense. He added that a continuance "would not have been useful" because he "would have given the same sentence anyway." He did, however, grant the stay.

## II. DISCUSSION

The issue that we are asked to decide is whether a district court's refusal to depart is appealable when it is based on an allegedly erroneous mistake of fact.[3] We answer the

---

[3]While the parties have appropriately framed the issue in terms of a district court's refusal to depart downward, our reasoning would apply equally to a district court's denial of a motion by the government to depart upward.

question "no" on the basis of well-established precedent in this Circuit.

Where a refusal to depart is appealable, a trial court's decision is reviewed against an abuse of discretion standard. See Koon v. United States, 518 U.S. 81, 99 (1996). As a rule, a district court's denial of a departure is discretionary and not appealable. See, e.g., United States v. Pierro, 32 F.3d 611, 619 (1st Cir. 1994); see also United States v. Romolo, 937 F.2d 20, 22 (1st Cir. 1991). This rule, however, has three exceptions. The denial of a motion to depart is appealable where: (1) the refusal to depart involves an incorrect application of the Sentencing Guidelines, see United States v. Saldana, 109 F.3d 100, 102 (1st Cir. 1997) (citing 18 U.S.C. § 3742(a)); (2) the refusal to depart otherwise violates the law, see United States v. Lauzon, 938 F.2d 326, 330 (1st Cir. 1991); or (3) the district court mistakenly believed that it lacked the discretion to depart, see United States v. Snyder, 235 F.3d 42, 51 (1st Cir. 2000); see also United States v. Rizzo, 121 F.3d 794, 798 (1st Cir. 1997). Today, we reaffirm the rule and its three exceptions.

To be sure, this Court has never squarely addressed the issue before us.[4]  In <u>Pierro</u>, however, while acknowledging a degree of confusion regarding the application of the rule and its exceptions, we were emphatic that in the context of departures, the touchstone of appealability is a mistake of law. As we explained,

> [i]f the judge sets differential factfinding and evaluative judgments to one side, and says, in effect, "this circumstance of which you speak, *even if it exists*, does not constitute a legally sufficient basis for departure," then the correctness of that quintessentially *legal* determination may be tested on appeal. But if the judge says, in effect, either that "this circumstance of which you speak has not been shown to exist in this case," or, alternatively, that "while this circumstance of which you speak might exist and might constitute a legally cognizable basis for a departure in a theoretical sense, it does not render this particular case sufficiently unusual to warrant departing," then, in either such event, no appeal lies.

32 F.3d 619.

Since <u>Pierro</u>, we have consistently adhered to the position that "a refusal to depart is unreviewable unless the district court based [its decision] on an error of law." <u>United States</u> v. <u>Santos</u>, 131 F.3d 16, 21 (1st Cir. 1997) (holding that

---

[4]In <u>United States</u> v. <u>O'Connell</u>, 252 F.3d 524, 530 n.2 (1st Cir. 2001), we acknowledged that the issue was unresolved in this Circuit, but did not on the facts of that case, think its consideration either appropriate or necessary.

we had no authority to review the district court's determination that a defendant's mental illness neither diminished his capacity to understand what he was doing nor contributed to his making of a threat to kill the President); see also Saldana, 109 F.3d at 102 ("[T]he defendant may not appeal from a sentence within the guideline range if there was no legal error and the only claim is that the district court acted unreasonably in declining to depart").  Indeed, we have steadfastly refused to review denials of downward departures where the district court did not misunderstand its legal authority to depart.  See United States v. Teeter, 257 F.3d 14, 30 (1st Cir. 2001) (holding that this Court would not entertain an appeal of a denial of a departure unless it had a reason to believe that the trial court did not understand its options); see also United States v. Patrick, 248 F.3d 11, 28 (1st Cir. 2001) (same); United States v. Shea, 211 F.3d 658, 674 (1st Cir. 2000) (same); United States v. Bello, 194 F.3d 18, 27-28 (1st Cir. 1999) (same); United States v. Anderson, 139 F.3d 291, 299-300 (1st Cir. 1998) (holding that the defendant's contentions that the trial court improperly refused to depart downward on the bases of, *inter alia*, coercion, duress, and the defendant's diminished capacity were not based on legal error and were therefore unreviewable); United States v. Saccoccia, 58 F.3d

754, 789-90 (1st Cir. 1995) ("Inasmuch as the district court correctly understood that it possessed the power to depart . . . but made a discretionary decision to refrain from exercising that power, we lack jurisdiction to address appellant's claim").[5]

Dewire argues that notwithstanding <u>Pierro</u> and a phalanx of contrary First Circuit precedent, this Court should adopt the

_____

[5]Our view is shared by the Fourth, Eleventh, and Seventh Circuits, which have also declined to hear appeals of fact-based denials of downward departures. <u>See</u> <u>United States</u> v. <u>Underwood</u>, 970 F.2d 1336, 1338 (4th Cir. 1992) (expressly rejecting the argument that a factual finding underlying a district court's refusal to depart is subject to review); <u>United States</u> v. <u>Patterson</u>, 15 F.3d 169, 171 (11th Cir. 1994) (jurisdiction to review a denial of a downward departure exists only where the denial was based on a mistake of law); <u>United States</u> v. <u>Steels</u>, 38 F.3d 350, 352 (7th Cir. 1994) ("[A] determination by the sentencing judge that the facts of a case do not support a downward departure is not reviewable on appeal." <u>But</u> <u>see</u> <u>United States</u> v. <u>Hunte</u>, 196 F.3d 687, 691 (7th Cir. 1999) ("The denial of a downward departure . . . 'will be affirmed if it results from a proper application of the sentencing guidelines to facts not found to be clearly erroneous'") (citation omitted). In addition, in cases not squarely addressing the issue presented by this appeal, other Circuits have articulated a rule similar to the one that we reaffirm today. The Sixth Circuit has held that a trial court's refusal to depart downward may not be appealed "as long as (1) the District Court properly computed the guideline range, (2) the District Court was not unaware of its discretion to depart downward from the guideline range, and (3) the District Court did not impose the sentence in violation of law or as a result of the incorrect application of the Sentencing Guidelines." <u>United States</u> v. <u>Price</u>, 258 F.3d 539, 547-48 (6th Cir. 2001) (citation and internal quotations omitted). <u>See</u> <u>also</u> <u>United States</u> v. <u>Mora-Higuera</u>, No. 00-3037, No. 00-3254, 2001 WL 1204869, at *5 (8th Cir. Oct. 11, 2001); <u>United States</u> v. <u>Castano-Vasquez</u>, No. 00-3861, 2001 WL 1097820 (page references unavailable) (3d Cir. Sept. 17, 2001).

-11-

reasoning of the Court of Appeals for the District of Columbia Circuit in United States v. Sammoury, 74 F.3d 1341, 1345 (D.C. Cir. 1996), where that Court held that it had jurisdiction to review a district court's denial of a downward departure where the decision was based on a clearly erroneous mistake of fact. The reasoning in Sammoury was based on a conflation of 18 U.S.C. §§ 3742(a)(2) and (e)(2), which authorize review of a sentence based on an incorrect application of the Sentencing Guidelines, with section 3742(e)'s mandate that appellate courts are to "accept the findings of fact of the district court [on sentencing matters] unless they are clearly erroneous." The Court explained:

> [c]learly erroneous factual determinations used in determining adjustments . . . may lead to a sentence imposed as a result of an incorrect application of the Guidelines, even though the judge thoroughly understood the pertinent guideline. . . . The same may be said of clearly erroneous factual mistakes used in determining whether to depart. . . . It is no more an infringement on the discretion of trial judges to set aside a sentence when the refusal to depart rests on a clearly erroneous factual mistake than to set aside a sentence when the refusal stems from a misinterpretation of the Guidelines.

Sammoury, 74 F.3d at 1345; see also United States v. Greenfield, 244 F.3d 158, 160-61 (D.C. Cir. 2001). We believe that Sammoury misapprehends the difference between a factually correct

-12-

application of the sentencing guidelines, to which a defendant is entitled, and the award of a discretionary departure, to which he is not.[6]  An otherwise proper sentence is not a misapplication of the Sentencing Guidelines simply because the district court, as a matter of discretion, refuses to impose a lesser sentence than the law authorizes, even if its factual reasons for doing so are mistaken.

The result is, of course, different if a factual mistake, say a miscalculation of the drug quantity to be attributed to a defendant, results in an improper Guideline application.  This is the instance, in our view, to which

[6]Several other Circuits have appeared at times to have aligned themselves with the District of Columbia Circuit.  The Ninth Circuit has reviewed a district court's factual findings for clear error where the denial of a downward departure was in the court's discretion.  United States v. Roe, 976 F.2d 1216, 1217-18 (9th Cir. 1992); but see United States v. Rivera-Sanchez, 222 F.3d 1057, 1064-65 (9th Cir. 2000) (holding that the court lacked jurisdiction to consider the merits of the case where the lower court understood its authority to depart but made a factual finding that defense counsel had not been incompetent).  The Second Circuit has also indicated a willingness to review a lower court's factual findings in denying a downward departure.  See United States v. Mickens, 977 F.2d 69, 72 (2d Cir. 1992) ("[O]ur determination of whether particular factors warrant departure must rest on an assessment of the facts. . . . We . . . must rely on the findings of the district court which we will overturn only if 'clearly erroneous.'").  Similarly, the Fifth Circuit has reviewed for clear error a district court's factual findings in an appeal of a denial of a downward departure.  See United States v. Ardoin, 19 F.3d 177, 181 (5th Cir. 1994).

section 3742(e)'s admonition that a district court's findings of fact are to be accepted unless "clearly erroneous," is directed. See United States v. Cali, 87 F.3d 571, 575 (1st Cir. 1996). It would also apply in the situation contemplated by sections 3742(a)(4) and (e)(4), where a district court, in constructing a sentence for an offense for which there is no applicable sentencing guideline, resorts to a "plainly unreasonable" factual analogy.

The precedents to which we adhere in today's decision rest on sound policy grounds. Because a trial court's refusal to depart is inherently discretionary and fact-based, a rule contrary to our precedent would invite frivolous appeals, discourage trial judges from explaining a refusal to depart,[7] and require this court to second-guess, on a cold, and often factually dense record, the

---

[7]As Judge Wolf noted in the hearing on the motion for a stay of execution of sentence, "it's clear that if I had just said, denied, and not had a lengthy hearing or given any reasons, this would not be an appealable issue. But I'm not trying to avert an appeal. If I made a mistake, I don't want [the defendant] to be injured by it." As we observed in United States v. Tucker, 892 F.2d 8, 11 (1st Cir. 1989), in discussing the legislative history of the Sentencing Reform Act, "[t]he required judicial statement for sentences imposed *within* the Guidelines is not envisioned for purpose of appellate review. . . . More specifically, it was not intended that the statement of reasons for a sentence *within* the Guidelines 'become a legal battleground for challenging the propriety of a particular sentence.'"

subjective influence that a questionable fact may have exerted on a trial judge's ultimate sentencing decision.[8]

## III. CONCLUSION

In this case, Dewire does not contend that the district court misapprehended its authority to depart.  To the contrary, the record is clear that the trial court understood it had such discretion: "[I] assume that I have the discretion provided by Grandmaison [and] its progeny to allow the motion for downward departure."  Instead, the district court stated that it did not believe that Dewire satisfied the Grandmaison criteria.  The

---

[8]An example may illuminate this point.  Suppose a trial court provides three fact-based reasons for refusing to depart. A defendant then shows that one of the court's reasons was based on a mistaken factual assumption.  An appeals court would then have to consider whether either of the other two stated reasons would have been sufficient to justify the trial court's decision, and moreover, the degree to which one or the other of the factually correct premises influenced the judge's thinking. This exercise would essentially vitiate the broad discretion granted to trial judges in matters of sentencing. Alternatively, if the appeals court were to remand such cases to the trial courts, the interests of judicial economy and finality would be compromised, without any likely change in the outcome of the vast majority of cases.  This is not to say that we cannot envision a case where a trial judge's factual mistake was so egregious as to require intervention by an appeals court – say the trial judge mistook the defendant for someone else – although we are of the view that the issue raised by a mistake on this order would be one of due process and not sentencing error.  See United States v. McDavid, 41 F.3d 841, 843-44 (2d Cir. 1994) (vacating a sentence on due process grounds where the trial judge  refused to permit the defendant to correct the mistaken assumption that he was on probation when the offense was committed).

-15-

district court noted that: (1) in light of Dewire's receipt of child pornography on three previous occasions, it was not convinced that the offense was an aberrant act; (2) because Dewire had not been fully candid with his doctors about the details of the offense and his past history, it had discounted their opinions as to the risk of recidivism; and (3) the crime itself was not spontaneous or thoughtless. Moreover, the district court stated that even if Dewire had qualified on the facts for a downward departure, it would as a discretionary matter decline to depart because it felt that a prison sentence was necessary to vindicate the goals of specific and general deterrence and to appropriately recognize the seriousness of the offense.

Given that the district court did not misunderstand its authority to depart and therefore made no mistake of law, we hold that we lack jurisdiction to entertain this appeal. Consequently, we need not address the appellant's other arguments.[9]

---

[9]If, however, we were to consider this appeal on the principal ground urged by appellant (factual mistake), we would conclude that the record clearly shows that the district court's decision to deny a departure was ultimately based not on the alleged downloading of the child pornography, but on other considerations concerning the nature of the crime. We are obligated to "review a trial court's actions as they are made manifest in the record." United States v. Tavano, 12 F.3d 301, 304 (1st Cir. 1993). Here, an experienced and thoughtful trial

**Affirmed**.

---

judge stated repeatedly on the record that he would have imposed the same sentence regardless of the child pornography evidence. Dewire argues that it was humanly impossible for the court to have actually made its decision independent of the disturbing images of children engaged in sexual activity with adults. This argument asks us to find that the judge's extensive comments about his reasons for imposing sentence were deliberately untruthful or disingenuous. We decline the invitation.