**UNITED STATES of America, Appellee**

v.

**Troy Lee SMITH, Appellant**

No. 01–3115.

United States Court of Appeals, District of Columbia Circuit.

June 10, 2002.

Before RANDOLPH, TATEL, and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

ORDERED AND ADJUDGED that appellant's sentence be affirmed.

If the district court understands its authority to grant a downward departure, its discretionary denial of a departure is not subject to reversal unless the court incorrectly applied the Guidelines or imposed the sentence in violation of the law. *See United States v. Sammoury,* 74 F.3d 1341, 1344–45 (D.C.Cir.1996); *United States v. Salmon,* 948 F.2d 776, 780 (D.C.Cir.1991).

Appellant argues that the district court misapplied U.S.S.G. § 5H1.4 (allowing downward departure for "extraordinary physical impairment") and violated 18 U.S.C. § 3553(a)(2)(D) ("The court, in determining the particular sentence to be imposed, shall consider ... the need for the sentence imposed ... to provide the defendant with needed ... medical care ... in the most effective manner.") by failing to make various factual findings. However, "nothing in the statute governing sentencing proceedings ... expressly requires district judges to make findings of fact on the record when they reject defendants' departure requests." *Sammoury,* 74 F.3d at 1345. Furthermore, "the appellant, not us, has the initial responsibility to ensure that the district court explains its reasoning for the record," and, if the ap-

pellant fails to do so, "we assume 'that the district court kn[ew] and applie[d] the law correctly.'" *United States v. Pinnick,* 47 F.3d 434, 439 (D.C.Cir.1995) (quoting *United States v. Garcia–Garcia,* 927 F.2d 489, 489 (9th Cir.1991)). Finally, to the extent that appellant complains of the court's failure to make findings concerning needed medical care (as opposed to the existence of any extraordinary physical impairment), the court cannot be faulted for failing to make findings on a subject about which appellant provided no record.

Appellant also argues that the court's reliance on the purported benefits of his plea agreement rests on factual and legal errors, because the court merely speculated as to what would have happened had appellant not pled guilty to the conspiracy charge, and the 60–month sentence is the statutory maximum, not a departure from a 100– to 125–month range. However, the government convincingly argues that the court merely examined the seriousness of the conduct to which appellant admitted in this case, and that nothing prohibited the court from considering the fact that appellant's conduct generated an unadjusted guideline range of 100 to 125 months, although his actual sentence exposure was only sixty months.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing *en banc.* *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.